# EXHIBIT I

## SETTLEMENT AGREEMENT

**WHEREAS**, FELIPE GERARDO SAPON SAPON (hereinafter "Plaintiff Gerardo Sapon"), JORDAN SAPON SAPON (hereinafter "Plaintiff Jordan Sapon"), and ESTEBAN SAPON SAPON (hereinafter "Plaintiff Esteban Sapon"), FRANCISCO QUINO (hereinafter "Plaintiff Francisco Quino") and MARVIN LOENEL SALVADOR AJCET (hereinafter "Plaintiff Ajcet"), (together "Plaintiffs") filed a civil action against 144 NINTH GOTHAM PIZZA, INC., (d/b/a GOTHAM PIZZA), 852 EIGHTH GOTHAM PIZZA INC., (d/b/a GOTHAM PIZZA), MICHAEL SHAMAILOV and LANA SHAMAILOV, jointly and severally, (together "Defendants") in the U. S. District Court for the Southern District of New York (the "District Court") cases 17-CV-8289 (DLC) (the "Civil Action");

**WHEREAS**, Plaintiffs and Defendants (together the "Parties") reached agreement on the material terms of a settlement of the Civil Action;

**WHEREAS**, the Parties desire, through this settlement agreement (the "Agreement"), to fully settle and resolve any and all claims brought by Plaintiffs in the Civil Action,

**NOW, THEREFORE,** the parties agree as follows:

1.    Effective Date of this Agreement.  This Agreement is effective upon execution of the agreement by all Parties and the court's approval of this Executed Proposed Agreement as fair (the "Effective Date").

2.    Payment to Plaintiffs and Plaintiffs' Attorneys.

(a)    Defendants shall pay the total sum of $125,000 (the "Total Settlement Amount") to Plaintiffs (the "Plaintiffs' Settlement Amount") as set forth below.  All payments shall be made to Plaintiffs' attorneys, Mirer Mazzocchi Julien & Chickedantz, PLLC ("MMJC") for distribution to all plaintiffs.

CPAM: 6618053.7CPAM: 6618053.7

(b)    Defendants shall pay $10,000.00 of the Total Settlement Amount (the "Initial Payment") within thirty (30) days the Court's Approval of this Proposed Agreement.  The Initial Payment shall be made via certified or cashier's check.

(c)    Plaintiffs shall file the Stipulation of Dismissal attached hereto as Exhibit A within seven (7) days of Defendants' payment of the Initial Payment as provided in subsection (b), *supra*.

(d) Defendants shall pay the remainder of the Total Settlement Amount that is due and owing over 36 consecutive monthly payments (the "Monthly Payments").  The Monthly Payments shall each be $3,194.44, and Defendants shall pay the Monthly Payments on or before the 1st of each month, beginning thirty days after the payment of the Initial Payment.

(e)    MMJC shall provide Defendants with a Taxpayer Identification Number ("TIN") on an IRS W-9 form on the Effective Date.

(f)    Each of the Defendants is jointly and severally liable for all payments required by this Agreement.

3. Remedies For Late Payment or Breach

The monthly payment is due on the first of the each month subsequent to the initial ten thousand dollar payment. Defendant is allowed a fifteen-day period ("grace period") to make such payment. Should Defendant not make such payment in the grace period Defendant shall incur a ten percent (10%) penalty of the outstanding monthly payment.

If any payment is more than fifteen  days' late, Plaintiffs shall provide written notice to Defendants that they are in breach of this Agreement, and Defendants shall have fifteen (15) days from the date of such notice to cure such breach ("cure period"). If Defendants fail to cure the breach within such cure period, all unpaid portions of the Total Settlement Amount,

2

including the Twenty Five Thousand Dollar Breach Penalty ($25,000), shall be accelerated and become immediately due and payable to Plaintiffs and Plaintiffs' counsel. Plaintiffs shall be entitled to pursue any and all remedies available at law or in equity for breach of this Agreement, including the re-opening of the Civil Action for the purpose of enforcing this Agreement or litigating the merits of the Civil Action. If the Civil Action is reopened for litigation on the merits, Plaintiffs and their law firms may retain any money paid to them pursuant to this Agreement, provided that such money shall be set off against any final recovery obtained by Plaintiffs against Defendants.

4.      Affidavits of Confession of Judgment.

On the Effective Date, Defendants shall each provide Plaintiffs with an executed Affidavit of Confession of Judgment in the form annexed hereto as Exhibit B in the amount of $150,000,.00 (the "Affidavits"). The $150,000.00 consists of the Total Settlement Amount plus $25,000 breach penalty to account for costs incurred to cure the breach, giving Defendants credit for that portion of the Total Settlement Amount already paid. Plaintiffs' attorneys shall hold the Affidavits in escrow, and may file said Affidavits if, and only if, Defendants breach this Agreement, and, following notice of such breach, fail to cure the breach within the time provided by this Agreement to do so. It is hereby agreed and acknowledged by and between the parties that Defendants are providing the Affidavits solely to secure their payment obligations under this Agreement.

5.      Dismissal of the Civil Action.

(a)     As of the Effective Date, the Parties shall execute the Stipulation of Dismissal attached hereto as Exhibit A, and each shall deliver to the other, a signature page thereto within three (3) days of the Effective Date. Plaintiffs shall file the Stipulation of Dismissal with the

District Court upon receipt of the Initial Payment. Plaintiffs and Defendants authorize their respective counsel to execute and file any and all documentation necessary to effectuate the foregoing.

(b)      The Stipulation of Dismissal shall not be filed, and Plaintiffs may resume litigating the merits of the Civil Action against Defendants in the District Court, and shall be entitled to pursue any and all remedies available at law or in equity, if: (i) Defendants fail to pay the Initial Payment as required by Paragraph 2(b) of this Agreement, or (ii) Defendants fail to provide the Affidavits as required by Paragraph 3 of this Agreement.

6.      Release of Wage Claims.

(a)      Subject to Defendants' payment of the Total Settlement Amount and compliance with all material terms of this Agreement, Plaintiffs, jointly and severally, forever waive, release, and fully discharge Defendants of and from any and all claims for wages owed, including but not limited to, claims for attorneys' fees and costs.

(b)      The Parties do not hereby release any rights to pursue enforcement of the terms of this Agreement.

(c)      The release set forth herein is not effective until the District Court dismisses the Civil Action. In the event that Defendants breach this Agreement and fail to cure such breach within the time set forth in Paragraph 3, Plaintiffs' release of claims against Defendants shall be void.

7.      Notice and Payments.

For all payments and if any notice is required to be made under this Agreement, it shall be made in writing and sent via Express mail or e-mail to all of the following attorneys:

(a) Plaintiffs' Counsel:

Ria Julien, Esq.
Mirer, Mazzocchi Julien & Chickedantz, PLLC
150 Broadway, Suite 1200
New York, NY 10038
(212) 231-2235
rjulien@mmsjlaw.com (email)

(b)    Defendants' Counsel:

Harold Seligman
Long Tuminello, LLP
120 Fourth Avenue - Suite 120
Bay Shore, New York 11706
Tel. (631) 666-2500
Fax (631) 666-8401
hseligman@msn.com

8.    No Implied Waiver.

The failure of the Parties to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof or deprive them of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

9.    Entire Agreement.

This Agreement, when signed by all Parties, shall constitute the entire understanding and agreement between the Parties and supersedes and cancels any and all prior oral and written agreements, if any, between them. This Agreement and its corresponding Exhibits may not be altered, amended or modified except by a further writing signed by the Parties.

10.    Validity.

If any provision, term or clause of this Agreement is declared illegal, unenforceable or ineffective in a legal forum, that provision, term or clause shall be deemed severable, such that all other provisions, terms and clauses of this Agreement shall remain valid and binding upon all of the Parties.

11.    Construction and Waiver of Jury Trial.

All matters arising under or related to this Agreement shall be governed by the laws of the State of New York.  The Parties agree that any disputes concerning the enforcement or interpretation of this Agreement may be submitted to the Honorable Denise L Cote of the District Court, and in connection with any such submission, the Parties agree to waive their rights to a jury trial.

12.    Execution in Counterparts and by Facsimile.

This Agreement and any of its Exhibits may be executed in counterparts, each being deemed an original document.  In addition, a facsimile or email signature contained hereon or on any of the Exhibits to this Agreement shall be deemed an original.

13.    Voluntary Execution.

By signing below, the Parties acknowledge that (a) this Agreement is executed voluntarily and that no Party is relying on any inducements, promises or representations other than as set forth in this Agreement; (b) they have been represented by an attorney in the negotiation and preparation of this Agreement; and (c) the Agreement has been explained to them by their attorney.

By signing this Agreement, the Parties hereunder agree to and accept the provisions contained herein.

PLAINTIFF:

_____

Date: _____

PLAINTIFF:

_____

DATE: _____

PLAINTIFF:

_____

DATE: _____

PLAINTIFF:

_____

Date: _____

PLAINTIFF:

_____

DATE: _____

DEFENDANT: _____

Date: 4/30/18

DEFENDANT CORPORATION: _____

DATE: 4/30/18

DEFENDANT: _____

Date: 4-30-18

DEFENDANT CORPORATION: _____

DATE: 4/30/18

7

By signing this Agreement, the Parties hereunder agree to and accept the provisions contained herein.

**PLAINTIFF:** FRANCISCO QUINO

_____

Date: 4/30/18 _____

**PLAINTIFF:** MARVIN LEONEL SALVADOR AJCET

_____

Date: 4-30-18 _____

**PLAINTIFF:** JORDAN SAPON SAPON

_____

**DATE:** 4-30-18 _____

**PLAINTIFF:** FELIPE GERARDO SAPON SAPON

_____

**DATE:** 4/30/18 _____

**PLAINTIFF:** Esteban Sapon Sapon

_____

**DATE:** 4/30/2018 _____

**DEFENDANT:**

_____

Date: _____

**DEFENDANT:**

_____

Date: _____

**DEFENDANT COIRPORATION:**

_____

**DATE:** _____

**DEFENDANT CORPORATION:**

_____

**DATE:** _____

7

Exhibit A – Form of Stipulation of Dismissal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
FELIPE GERARDO SAPON SAPON, JORDAN SAPON SAPON,
ESTEBAN SAPON SAPON, FRANCISCO QUINO, and
MARVIN YOENEL SALVADOR AJCET on behalf of
themselves and those similarly situated,

                Plaintiffs

v.

144 NINTH GOTHAM PIZZA, INC., (d/b/a GOTHAM PIZZA),
852 EIGHTH GOTHAM PIZZA INC., (d/b/a GOTHAM PIZZA),
MICHAEL SHAMAILOV and  LANA SHAMAILOV,
jointly and severally,

                Defendants.
-------------------------------------------------------------------------------x

**PLAINTIFFS' COLLECTIVE
ACTION COMPLAINT
WITH JURY DEMAND**

**Civil Case No.: 17-cv-8289 (DLC)
Related case: 15-cv-4069**

## STIPULATION OF DISMISSAL

IT IS HEREBY STIPULATED AND AGREED by and among all Plaintiffs and all

Defendants that, pursuant to the terms of a settlement agreement reached between the Plaintiffs

and the Defendants, the above captioned matter be dismissed with prejudice, with no award of

counsel fees or costs by the Court to either side, subject to Plaintiffs' right to reopen the matter

and resume litigation in the event that Defendants breach the terms of the settlement agreement.

Mirer Mazzocchi Julien & Chickedantz, PLLC

By: _____
Ria Julien
150 Broadway, Suite 1200
New York, New York 10038
(212) 231-2235
*Counsel for Plaintiffs*

Lang Tumiren, LLP

By: _____
Harold Seligman
120 Fourth Avenue - Suite 120
Bay Shore, New York 11706
Tel. (631) 666-2500
*Counsel for Defendants*

    SO ORDERED:

    Dated:    New York, New York

_____, 2018

_____
The Hon. Denise L Cote
U.S. District Judge

Exhibit B – Form of Affidavit for Defendants_____

## <u>AFFIDAVIT OF CONFESSION OF JUDGMENT</u>

Michael Shamailov, being duly sworn, deposes and says:

1.      I am an individual defendant in the matters of *17-cv-8289*

cases pending in the United States District Court for the Southern District of New York (the

"Federal Action").

2.      I reside at 2*d* Grist Mill Circle, Roslyn NY 11576

3.      I authorize and consent to the entry of a judgment, without further notice, against

me and in favor of FELIPE GERARDO SAPON SAPON (hereinafter "Plaintiff Gerardo

Sapon"), JORDAN SAPON SAPON (hereinafter "Plaintiff Jordan Sapon"), and ESTEBAN

SAPON SAPON (hereinafter "Plaintiff Esteban Sapon"), FRANCISCO QUINO (hereinafter

"Plaintiff Francisco Quino") and MARVIN YOENEL SALVADOR AJCET (hereinafter

"Plaintiff Ajcet"), (together "<u>Plaintiffs</u>"), in the sum of $150,000.00, less any amounts previously

paid to Plaintiffs pursuant to the terms of the settlement agreement entered into between the

parties in the Federal Action (described below as the "<u>Agreement</u>").  I hereby authorize

Plaintiffs, their successors or assigns, to request entry of a judgment for such sum against me,

and to pursue satisfaction of such judgment by any lawful means.  I authorize judgment against

me for the entire sum, notwithstanding the existence of other defendants in the Federal Action,

given that I am jointly and severally liable for the entire sum.

4.      This confession of judgment is for a debt due or justly to become due to Plaintiffs

arising out of the following facts:

a.      Plaintiffs commenced the Federal Action against me seeking relief for, *inter alia*,

alleged violations by defendants, including myself, of the Fair Labor Standards Act and New

York Labor Law arising out of, *inter alia*, defendants' failure to pay lawful wages to Plaintiffs.

b.      On March 19, 2018 the parties agreed to a resolution of the Federal Action. Accordingly, on or about _____, 2018, the parties executed a written settlement agreement, Effective upon the Court's approval of the Proposed Settlement. I executed and am a party to the Agreement.

c.      Pursuant to the Agreement, Plaintiffs agreed to dismiss the Federal Action against me and the other defendants in exchange for payment of $125,000. An initial payment of $10,000 was to be paid to Plaintiffs within 30 days of the Court's Approval of the Proposed Settlement. The parties agreed that the remaining amount, $115,000.00, would be paid by thirty-six (36) monthly payments (the "Monthly Payments") of $3,194.44, each.

d.      Further, pursuant to the Agreement, the parties agreed that Defendants would provide Plaintiffs with Affidavits of Confession of Judgment that can be filed and executed upon by Plaintiffs if Defendants breach the Settlement Agreement in the amount of $150,000 to provide for full recovery under the Settlement Agreement and the parties' designated cost of $25,000 associated with collection action.

5.      It is hereby agreed and acknowledged by and between the parties that Defendants are providing this Affidavit solely to secure their payment obligations under the Agreement and in no event shall Plaintiffs recover more than $150,000 under either the Affidavit.

*[Remainder of Page Intentionally Left Blank]*

Dated:        Bay Shore, New York

              April 30, 2019

Sworn to before me this
30th day of April, 2018.

Notary Public

My commission expires: 4/12/19

MICHELLE MORRISROE
Notary Public, State of New York
No. 01MO6022905
Qualified in Suffolk County
Commission Expires April 12, 20 19

[Michael Shatnaylov]

## AFFIDAVIT OF CONFESSION OF JUDGMENT

Lana Shamailov, being duly sworn, deposes and says:

1.     I am an individual defendant in the matters of *17-cv-8289*

cases pending in the United States District Court for the Southern District of New York (the

"Federal Action").

2.     I reside at 201 Grist Mill Circle, Roslyn NY 11576

3.     I authorize and consent to the entry of a judgment, without further notice, against

me and in favor of FELIPE GERARDO SAPON SAPON (hereinafter "Plaintiff Gerardo

Sapon"), JORDAN SAPON SAPON (hereinafter "Plaintiff Jordan Sapon"), and ESTEBAN

SAPON SAPON (hereinafter "Plaintiff Esteban Sapon"), FRANCISCO QUINO (hereinafter

"Plaintiff Francisco Quino") and MARVIN YOENEL SALVADOR AJCET (hereinafter

"Plaintiff Ajcet") (together "Plaintiffs"), in the sum of $150,000.00, less any amounts previously

paid to Plaintiffs pursuant to the terms of the settlement agreement entered into between the

parties in the Federal Action (described below as the "Agreement"). I hereby authorize

Plaintiffs, their successors or assigns, to request entry of a judgment for such sum against me,

and to pursue satisfaction of such judgment by any lawful means. I authorize judgment against

me for the entire sum, notwithstanding the existence of other defendants in the Federal Action,

given that I am jointly and severally liable for the entire sum.

4.     This confession of judgment is for a debt due or justly to become due to Plaintiffs

arising out of the following facts:

a.     Plaintiffs commenced the Federal Action against me seeking relief for, *inter alia*,

alleged violations by defendants, including myself, of the Fair Labor Standards Act and New

York Labor Law arising out of, *inter alia*, defendants' failure to pay lawful wages to Plaintiffs.

b.      On March 19, 2018 the parties agreed to a resolution of the Federal Action. Accordingly, on or about _____, 2018, the parties executed a written settlement agreement, Effective upon the Court's approval of the Proposed Settlement. I executed and am a party to the Agreement.

c.      Pursuant to the Agreement, Plaintiffs agreed to dismiss the Federal Action against me and the other defendants in exchange for payment of $125,000. An initial payment of $10,000 was to be paid to Plaintiffs within 30 days of the Court's Approval of the Proposed Settlement. The parties agreed that the remaining amount, $115,000.00, would be paid by thirty-six (36) monthly payments (the "Monthly Payments") of $3,194, each.

d.      Further, pursuant to the Agreement, the parties agreed that Defendants would provide Plaintiffs with Affidavits of Confession of Judgment that can be filed and executed upon by Plaintiffs if Defendants breach the Settlement Agreement in the amount of $150,000 to provide for full recovery under the Settlement Agreement and the parties' designated cost of $25,000 associated with collection action.

5.      It is hereby agreed and acknowledged by and between the parties that Defendants are providing this Affidavit solely to secure their payment obligations under the Agreement and in no event shall Plaintiffs recover more than $150,000 under either the Affidavit.

*[Remainder of Page Intentionally Left Blank]*

4

Dated:        Bay Shore, New York
              April 30, 2019

                                                          Ilana Shagmdilov

Sworn to before me this
30th day of April, 2018.

Michelle Morrisroe
        Notary Public

My commission expires: 4/12/19

MICHELLE MORRISROE
Notary Public, State of New York
No. 01MO6022905
Qualified in Suffolk County
Commission Expires April 12, 20 19

5

## AFFIDAVIT OF CONFESSION OF JUDGMENT

I, _Lana Shermailov_, being duly sworn, deposes and says:

1.     I am the _100%_ shareholder of 144 NINTH GOTHAM PIZZA, INC., (d/b/a GOTHAM PIZZA)., a corporate defendant in the matter of 17-cv-8289 cases pending in the United States District Court for the Southern District of New York (the "Federal Action").

2.     The company conducts business at : 144 19th St., New York, NY 11222

3.     I, in my capacity as representative of 144 NINTH GOTHAM PIZZA, INC., authorize and consent to the entry of a judgment, without further notice, against 144 NINTH GOTHAM PIZZA, INC., and in favor of FELIPE GERARDO SAPON SAPON (hereinafter "Plaintiff Gerardo Sapon"), JORDAN SAPON SAPON (hereinafter "Plaintiff Jordan Sapon"), and ESTEBAN SAPON SAPON (hereinafter "Plaintiff Esteban Sapon"), FRANCISCO QUINO (hereinafter "Plaintiff Francisco Quino") and MARVIN YOENEL SALVADOR AJCET (hereinafter "Plaintiff Ajcet") (together "Plaintiffs"), in the sum of $150,000.00, less any amounts previously paid to Plaintiffs pursuant to the terms of the settlement agreement entered into between the parties in the Federal Action (described below as the "Agreement"). I hereby authorize Plaintiffs, their successors or assigns, to request entry of a judgment for such sum against me, and to pursue satisfaction of such judgment by any lawful means. I authorize judgment against me for the entire sum, notwithstanding the existence of other defendants in the Federal Action, given that I am jointly and severally liable for the entire sum.

4.     This confession of judgment is for a debt due or justly to become due to Plaintiffs arising out of the following facts:

6

a.      Plaintiffs commenced the Federal Action against me seeking relief for, *inter alia*, alleged violations by defendants, including myself, of the Fair Labor Standards Act and New York Labor Law arising out of, *inter alia*, defendants' failure to pay lawful wages to Plaintiffs.

b.      On March 19, 2018 the parties agreed to a resolution of the Federal Action. Accordingly, on or about _____, 2018, the parties executed a written settlement agreement, Effective upon the Court's approval of the Proposed Settlement. I executed and am a party to the Agreement.

c.      Pursuant to the Agreement, Plaintiffs agreed to dismiss the Federal Action against me and the other defendants in exchange for payment of $125,000. An initial payment of $10,000 was to be paid to Plaintiffs within 30 days of the Court's Approval of the Proposed Settlement. The parties agreed that the remaining amount, $115,000.00, would be paid by thirty-six (36) monthly payments (the "Monthly Payments") of $3,194.44, each.

d.      Further, pursuant to the Agreement, the parties agreed that Defendants would provide Plaintiffs with Affidavits of Confession of Judgment that can be filed and executed upon by Plaintiffs if Defendants breach the Settlement Agreement in the amount of $150,000 to provide for full recovery under the Settlement Agreement and the parties' designated cost of $25,000 associated with collection action.

5.      It is hereby agreed and acknowledged by and between the parties that Defendants are providing this Affidavit solely to secure their payment obligations under the Agreement and in no event shall Plaintiffs recover more than $150,000 under either the Affidavit.

*[Remainder of Page Intentionally Left Blank]*

7

Dated:     Bay Shore , New York

April 30, 2018

Sworn to before me this
30th day of April, 2018.

Notary Public

My commission expires: 4/12/19

MICHELLE MORRISROE
Notary Public, State of New York
No. 01MO6022905
Qualified in Suffolk County
Commission Expires April 12, 20 19

CPAM: 6618053.7CPAM: 6618053.7

## AFFIDAVIT OF CONFESSION OF JUDGMENT

I, _Lana Shamailov_, being duly sworn, deposes and says:

1.    I am the _100%_ shareholder of 852 EIGHTH GOTHAM PIZZA INC., (d/b/a GOTHAM PIZZA), a corporate defendant in the matter of 17-cv-8289 cases pending in the United States District Court for the Southern District of New York (the "Federal Action").

2.    The company conducts business at : 852 8th Avenue New York, NY 10019.

3.    I, in my capacity as representative of 852 EIGHTH GOTHAM PIZZA INC., authorize and consent to the entry of a judgment, without further notice, against 852 EIGHTH GOTHAM PIZZA INC., and in favor of FELIPE GERARDO SAPON SAPON (hereinafter "Plaintiff Gerardo Sapon"), JORDAN SAPON SAPON (hereinafter "Plaintiff Jordan Sapon"), and ESTEBAN SAPON SAPON (hereinafter "Plaintiff Esteban Sapon"), FRANCISCO QUINO (hereinafter "Plaintiff Francisco Quino") and MARVIN YOENEL SALVADOR AJCET (hereinafter "Plaintiff Ajcet") (together "Plaintiffs"), in the sum of $150,000.00, less any amounts previously paid to Plaintiffs pursuant to the terms of the settlement agreement entered into between the parties in the Federal Action (described below as the "Agreement"). I hereby authorize Plaintiffs, their successors or assigns, to request entry of a judgment for such sum against me, and to pursue satisfaction of such judgment by any lawful means. I authorize judgment against me for the entire sum, notwithstanding the existence of other defendants in the Federal Action, given that I am jointly and severally liable for the entire sum.

4.    This confession of judgment is for a debt due or justly to become due to Plaintiffs arising out of the following facts:

2

  a.  Plaintiffs commenced the Federal Action against me seeking relief for, *inter alia*, alleged violations by defendants, including myself, of the Fair Labor Standards Act and New York Labor Law arising out of, *inter alia*, defendants' failure to pay lawful wages to Plaintiffs.

  b.  On March 19, 2018 the parties agreed to a resolution of the Federal Action. Accordingly, on or about _____, 2018, the parties executed a written settlement agreement, Effective upon the Court's approval of the Proposed Settlement. I executed and am a party to the Agreement.

  c.  Pursuant to the Agreement, Plaintiffs agreed to dismiss the Federal Action against me and the other defendants in exchange for payment of $125,000. An initial payment of $10,000 was to be paid to Plaintiffs within 30 days of the Court's Approval of the Proposed Settlement. The parties agreed that the remaining amount, $115,000.00, would be paid by thirty-six (36) monthly payments (the "Monthly Payments") of $3,194.44, each.

  d.  Further, pursuant to the Agreement, the parties agreed that Defendants would provide Plaintiffs with Affidavits of Confession of Judgment that can be filed and executed upon by Plaintiffs if Defendants breach the Settlement Agreement in the amount of $150,000 to provide for full recovery under the Settlement Agreement and the parties' designated cost of $25,000 associated with collection action.

  5.  It is hereby agreed and acknowledged by and between the parties that Defendants are providing this Affidavit solely to secure their payment obligations under the Agreement and in no event shall Plaintiffs recover more than $150,000 under either the Affidavit.

*[Remainder of Page Intentionally Left Blank]*

3

Dated:    Bay Shore, New York
          April 30, 2019

Sworn to before me this
30th day of April, 2018.

_Michelle Morrisroe_
          Notary Public

My commission expires: 4/12/19

        MICHELLE MORRISROE
     Notary Public, State of New York
            No. 01MO6022905
        Qualified in Suffolk County
  Commission Expires April 12, 20 19